# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LA STORAGE, LLC** | **CIVIL ACTION NO.:** |
| V. | **SECTION** |
| | **JUDGE** |
| **110.133 ACRES, MORE OR LESS, SITUATED IN CALCASIEU AND CAMERON PARISHES, LOUISIANA, AND CAMERON LNG, LLC** | **MAGISTRATE JUDGE** |

## LA STORAGE, LLC'S
## ORIGINAL COMPLAINT IN CONDEMNATION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, LA Storage, LLC ("LAS"), to file this Original Complaint for Condemnation pursuant to Rule 71.1 of the Federal Rules of Civil Procedure for an Order of Condemnation for (1) perpetual servitudes for the construction, operation, and maintenance of pipelines (collectively, the "Pipeline Servitudes"); (2) perpetual, exclusive servitudes for the construction, operation, and maintenance of two pipeline surface site facilities for saltwater disposal wells (collectively, the "Surface Site Servitudes"); (3) a perpetual servitude for the construction, maintenance, operation, and use of an access road ("Access Servitude"); and (4) temporary servitudes for workspace for use during the construction of the pipelines and related facilities (collectively, "Workspace Servitudes") (the Pipeline Servitudes, Surface Site Servitudes, Access Servitude, and Workspace Servitudes are collectively referred to herein as the "Servitudes"), all of which are needed for the construction, operation, and maintenance of the proposed Pipelines. LAS further requests injunctive relief from this Court allowing LAS immediate possession of the Servitudes.

## PARTIES

1.

LAS is a Delaware limited liability company authorized to and doing business in the State of Louisiana with its principal place of business in California. Under the Natural Gas Act, 15 U.S.C. §717 *et seq*., LAS is a natural gas company. LAS is engaged in the transportation of natural gas in interstate commerce pursuant to 15 U.S.C. §717(b).

2.

Pursuant to 15 U.S.C. §717f(h), LAS files this lawsuit to condemn the Servitudes which are necessary for the construction, operation, and maintenance of its FERC-approved pipelines and appurtenant facilities (collectively, the "Pipelines").

3.

Made Defendant herein is Cameron LNG, LLC. Defendant owns property over which the Servitudes are sought to be condemned (the "Property"). A description sufficient to identify the Property is attached as Exhibit A to this Complaint. A list of the Owner(s) and their ownership interests in the Property is attached as Exhibit B to this Complaint. Plats identifying the locations of the proposed Servitudes on the Property are attached hereto as Exhibit C *in globo*.

## JURISDICTION AND VENUE

4.

This is an *in rem* action by LAS pursuant to 15 U.S.C. §717f(h) for the taking of the Servitudes on property located in Calcasieu and Cameron Parishes, Louisiana, pursuant to the authority of eminent domain and for the determination and award of just compensation to the Defendant. This Court has subject matter jurisdiction under 15 U.S.C. §717f(h), the Natural Gas

Act. The Court additionally has subject matter jurisdiction under 28 U.S.C. § 1331 because this lawsuit arises under the laws of the United States.

5.

Pursuant to 15 U.S.C. §717f(h), the amount claimed by the Defendant for the property rights to be condemned herein exceeds $3,000.

6.

Venue is proper in the District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) because the Property is located within that judicial district.

## AUTHORITY AND NEED FOR TAKING

7.

LAS is engaged in the transportation of natural gas in interstate commerce and is, therefore, a natural gas company within the meaning of the Natural Gas Act. 15 U.S.C. § 717(a)(6). As an interstate natural gas pipeline company, LAS is regulated by the Federal Energy Regulatory Commission ("FERC"). 15 U.S.C. §717f.

8.

LAS is the holder of a Certificate of Public Convenience and Necessity, as amended, (collectively, "FERC Certificate") issued by FERC to construct and operate the Hackberry Storage Project (the "Project"), a high-deliverability natural gas storage facility, which upon completion will be able to inject and withdraw natural gas into and out of salt dome storage at a rate of 1.5 Bcf per day to serve the needs of liquefied natural gas (LNG) facilities, electric generation facilities, industrial customers, utilities, and other potential customers in the region. A true and complete copy of the FERC Certificate approving the Project and Pipelines is attached hereto as Exhibit D.

9.

The Project will interconnect with the Cameron Interstate Pipeline and Port Arthur Pipeline Louisiana Connector interstate pipeline facilities and provide support for natural gas transportation services in the Gulf Coast region.

10.

In furtherance of the authority granted by FERC, LAS proposes to construct new pipelines for the transportation of natural gas in interstate commerce and saltwater brine for underground disposal, as depicted on Exhibit C, and as approved in the FERC Certificate.

11.

Pursuant to the FERC Certificate, LAS has the right of eminent domain to condemn for the Servitudes under 15 U.S.C. § 717f(h).

12.

LAS has negotiated or attempted negotiation by agreement with the Owner but has been unable to obtain by contract from Owner the rights necessary to access, construct, operate, and maintain the Pipelines.

**LAS' USE OF THE PROPERTY**

13.

In furtherance of the authority granted by FERC and in order to construct, operate, and maintain the proposed Pipelines in a manner conducive to the public interest, convenience, and necessity, LAS needs to acquire pipeline rights-of-way and servitudes and a temporary workspace servitude affecting the Property for the purpose of laying, constructing, maintaining, operating, repairing, altering, replacing, changing the size of, and removing pipelines and other appurtenant facilities for the transportation of natural gas through the Pipelines as well as for the transportation

and disposal of brine under, upon, over, through, and across the Property, as set forth in Exhibit C.

14.

The proposed non-exclusive Access Servitude will provide LAS with the right to ingress to and egress from the area burdened by the Pipeline Servitudes.

## IMMEDIATE POSSESSION

15.

Coincident herewith, LAS has filed a motion, pursuant to Federal Rule of Civil Procedure 65(a), to confirm its right to condemn and for immediate possession of the property rights at issue, which is incorporated herein by reference in its entirety.

16.

Pursuant to said motion, LAS requests that upon a showing of the necessary prerequisites for preliminary injunctive relief, it be granted immediate possession of the property rights at issue.

17.

Pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j), LAS will deposit into the registry of the Court an amount that represents the sum of the last offer made to the Owner. All amounts deposited are in excess of the fair market value of the property rights in question.

## RULE 71.1(d) NOTICES

18.

Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to the defendant are attached hereto and submitted to the clerk of court.

WHEREFORE, complainant, LA Storage, LLC, prays:

(1) that the notice submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d),

be deemed good and sufficient;

(2) that said notice be served on the Owner in a manner afforded by Federal Rule of Civil Procedure 71.1(d)(3);

(3) that its right, with respect to the Property, to condemn the Servitudes be recognized;

(4) that, with respect to the Property, it be granted immediate possession of the Servitudes through the issuance of a preliminary injunction;

(5) that the Court thereafter determine, with respect to the Property, the just compensation to be paid by LAS to the Owner for the Servitudes;

(6) that the Court enter judgment, providing that, with respect to the Property, upon the deposit into the registry of the Court by LAS of the amount of just compensation determined by the Court, ownership and title of the Servitudes shall vest in LAS, free and clear of all liens and encumbrances and other charges of whatsoever nature and free and clear of all right, title, and interest of the Owner; and

(7) that it be entitled to all other equitable and legal relief allowed by law.

Respectfully submitted,

*s/ Matthew D. Simone*
Matthew D. Simone (Bar# 32690)
Michael C. Schimpf (Bar# 39331)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108
Email: mdsimone@liskow.com
            mschimpf@liskow.com

**Attorneys for LA Storage, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2024 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*s/ Matthew D. Simone*